UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JASON ALLEN WARE, *Pro Se*, | Case No.: 4:17 CV 1680 |
| Petitioner | |
| v. | JUDGE SOLOMON OLIVER, JR. |
| STEVEN MERLAK, Warden, | |
| Respondent | ORDER |

Currently pending before the court is *Pro Se* Petitioner Ware's ("Petitioner" or "Ware"), Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). (ECF No. 1.) Ware is currently a federal prisoner confined at the Federal Correctional Institution, Elkton, located in Lisbon, Ohio. (*Id*. at 1.) He is serving a term of ninety-six months of federal imprisonment, followed by three years of supervised release, for his conviction by guilty plea in the United States District Court for the Eastern District of Kentucky for conspiracy to distribute pills containing oxycodone, in violation of 21 U.S.C. § 481(a)(1)b and 846. (*Id*.) For the following reasons, the court grants Ware's Petition as to his request for time served, and denies the Petition as to Ware's request for immediate release.

## I. BACKGROUND

### A. Facts

On November 14, 2013, Ware was arrested by federal authorities based on his instant federal offense. (*Id*. at 2.) He was released on bond with pretrial services supervision on November 15, 2013. (*Id*.) On April 25, 2014, while on bond for the federal offense, Ware was arrested by local police in Franklin County, Kentucky for Trafficking a Controlled Substance, First-Degree Cocaine, and Possession of Drug Paraphernalia. (*Id*.) While detained in the Franklin County jail, Ware was transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum on July 14,

2014. (*Id.*) On January 20, 2015, Ware was sentenced in federal court to ninety-six months of imprisonment. (*Id.*) He was returned to state custody on February 6, 2015, for disposition of his state charges. (*Id.*)

On February 10, 2015, Ware was sentenced in the Franklin County Circuit Court to twelve months of imprisonment for his state charges, to run concurrently with his undischarged federal sentence. (*Id.*) He remained in state custody after this sentencing and completed his twelve-month state sentence. (*Id.* at 2-3.) The state sentence was satisfied on April 23, 2015. (*Id.* at 3.) Ware was then released to federal authorities on April 29, 2015. (*Id.*) The Bureau of Prisons ("BOP") computed Ware's sentence to commence on April 29, 2015, pursuant to 18 U.S.C. § 3585, upon determining the Judgment and Commitment in the federal case did not explicitly state whether the federal judge intended for the federal sentence to run concurrently with the yet-to-be-determined state sentence. (*Id.*) Therefore, the federal sentence was imposed to run consecutive to the completed state sentence. (*Id.*)

### B. Procedural History

On December 28, 2015, Ware filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 in the United States District Court for the Eastern District of Kentucky. (*Id.* at 1.) The Eastern District of Kentucky denied the motion and declined to issue a Certificate of Appealability. (*Id.*) It is undisputed that Ware has pursued and exhausted his administrative appeals within the BOP. (*Id.*, Ex. A.) On March 15, 2017, the Central Authority Office of the BOP denied his final appeal, indicating that the BOP computed Ware's sentence correctly and within the intent of the court. (*Id.*) On August 10, 2017, Ware filed the present Petition in this court. The Government filed its Opposition to the Petition on October 6, 2017. (ECF No. 11.) Ware filed his

Traverse in reply to the Opposition on January 26, 2018. (ECF No. 13.)[1]

## II. LEGAL STANDARD

### A. Federal Habeas Corpus: 28 U.S.C. § 2241

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting § 2241). When a prisoner seeks to challenge the execution or manner in which a sentence is served, he must file his claim in the court having jurisdiction over his custodian under § 2241. *Otero v. Elkton*, No. 4:05 CV 0754, 2005 WL 1223429, at *2-3 (N.D. Ohio May 23, 2005) (citations omitted). Proper jurisdiction for the filing of a § 2241 petition is in the district in which the prisoner is confined. *Acevedo v. Hanson*, No. 4:15CV2045, 2017 WL 4404453, at *2 (N.D. Ohio July 14, 2017) (citations omitted). Since Ware is confined in the Northern District of Ohio, this court has proper jurisdiction over Petitioner's custodian, Warden Merlak.

Because Ware is appearing *pro se*, pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S.

---

[1] On December 21, 2017, Ware filed a Motion for Extension of Time to file his Traverse. (ECF No. 12.) The court granted an extension to file until January 14, 2018. Ware did not file the Traverse until January 26, 2018. Given Ware is acting *pro se*, and there are no objections from the Government, the court will consider the Traverse.

770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under 28 U.S.C. § 2243).

After a BOP decision, any further court review of the Bureau's determination will be limited to an abuse of discretion. *Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990). The test is not whether a reviewing court would have found differently. The writ may issue only when an error is "fundamental and carries a serious potential for a miscarriage of justice." *Ruff v. Butler*, No. 16-5565, 2017 WL 5135545, at *2 (6th Cir. June 16, 2017) (citing *Eccleston v. United States*, 390 Fed. App'x 62, 65 (3d Cir. 2010); *Barden v. Keohane*, 921 F.2d 476, 479 (3d Cir. 1990)).

### B. Federal Sentence Credit: 18 U.S.C. § 3585(a)

Once a defendant is sentenced in federal court, the Bureau of Prisons is responsible for administering the sentence. *Garland v. FCI Elkton Warden*, No. 4:16 CV 1137, 2016 WL 3629016, at *2 (N.D. Ohio July 7, 2016) (citing 18 U.S.C. § 3621(a)). To compute a federal sentence, the BOP must first determine the commencement date of the federal sentence. By statute, a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." *Id.* (citing 18 U.S.C. § 3585(a)). A federal sentence does not commence until a prisoner is actually received into federal custody solely for that purpose. *Id.* (citing *Gonzalez v. Rushing*, 4:12 CV1274, 2012 WL 2127728 (N.D. Ohio June 11, 2012)).

Thereafter, the BOP must apply any jail-time credit to which the offender may be entitled under 18 U.S.C. § 3585(b). Specifically, 18 U.S.C. § 3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences:
>     (1) as a result of the offense for which the sentence was imposed; or

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

## III. ANALYSIS

Ware argues that the central issue in this case is whether the federal authorities relinquished primary custody of him when he was released on bond with pretrial services supervision on November 15, 2013. (Pet. 3.) Ware asserts that, while on bond, he was still constructively in the custody of the federal authorities as evidenced by the fact that he was under supervision of pretrial services. (*Id.* at 6.) Ware alleges the BOP abused its discretion by incorrectly concluding that his arrest by state authorities while on federal bond, placed him in the primary custody of the state. (*Id.* at 4.) Ware cites the Sixth Circuit in *United States v. Croft*, and the doctrine of credit for time at liberty, to support his request for credit to his federal sentence and/or immediate release. 450 F.2d 1094 (6th Cir. 1971). (Pet. 5-8.)

The Government argues that there is no dispute among courts that the BOP is the proper authority to calculate and determine when a federal sentence commences. (Opp'n 4.) Further, the Government argues that the BOP sentence calculation was correct because Ware was not in primary federal custody per the plain interpretation of 18 U.S.C. § 3585. (*Id.* at 5.) The Government asserts that official detention, per 18 U.S.C. § 3585, means being "actually, physically detained by federal authorities." (*Id.* at 5.) Therefore, the Government argues, being released on federal bond is not detention, so Ware was not in primary federal custody when the federal sentence was imposed. (*Id.*) The Government cites *Rodriguez-Gonzalez v. Fed. Bureau of Prisons*, No. 1:14-CV-1262, 2015 WL 2238592 at *3 (N.D. Ohio May 12, 2015), wherein the district court found that when a federal sentence is imposed upon a defendant who is in primary non-federal custody, the non-federal

authority retains primary jurisdiction, and federal custody does not commence until the non-federal authority relinquishes jurisdiction. The Government also argues that, since the federal judgment entry was silent with respect to whether the federal sentence was to run concurrently or consecutively with any forthcoming state sentence, the silence should be interpreted to dictate consecutive sentences. (*Id.* at 6.)

### A. Credit for Time Served

*Croft*, which involved facts similar to those at issue in the present case, is controlling. 450 F.2d 1094 (6th Cir. 1971). In *Croft*, as in this case, the defendant was arrested on federal charges and released on bond when subsequently arrested for unrelated state charges. *Id.* at 1095. And as in this case, due to the state arrest and confinement, the federal government issued a writ of habeas corpus ad prosequendum in order to bring the defendant before the federal court. *Id.* Once in federal court, the defendant pleaded guilty and was sentenced to three years' imprisonment. *Id.* He was then returned to state authorities to be tried on his state charges. *Id.* He received two state sentences of two years, each to run concurrently with one another, and also with the federal sentence. *Id.* at 1096.

As in this case, instead of being turned over to federal authorities to begin serving the federal sentence, the defendant in *Croft* was turned over to local authorities and served the two state sentences that the state court had issued to run concurrently with the federal sentence. *Id.* Upon completion of his state sentences, the defendant was then turned over to federal authorities to commence service of his federal sentence. *Id.* Just as in this case, the defendant in *Croft* then petitioned the district court for an order granting him credit toward his federal sentence for the time he had served in state detention, beginning the date his federal sentence was issued. *Id.* at 1094. The district court denied the motion. *Id.* at 1096.

On appeal, the Sixth Circuit reversed the district court decision and found that when Croft was released on bail, he was still in the custody of the federal authorities. *Id.* at 1098. The Sixth Circuit stated that, "[t]he bail did not divest the federal court of its inherent power to deal with the accused, since he was still constructively in the custody of the law." *Id.* at 1098-99 (citing *Taylor v. Taintor*, 83 U.S. 366, 21 L. Ed. 287 (1872); *Field v. United States*, 193 F.2d 86 (2d Cir. 1951); *United States v. Schneiderman*, 102 F. Supp. 52 (S.D. Cal. 1951), *reversed on other grounds*, *Stack v. United States*, 193 F.2d 875 (9th Cir. 1951)). The court also found that determination of prior jurisdiction between a state and federal court is based on principles of comity. *Id.* at 1099. The state court in *Croft*, as in this case, recognized the prior jurisdiction of the federal court, as evidenced by the fact that the state's sentence was to run concurrent with the federal sentence that had already been issued. *Id.*

This court recently addressed the issue of primary jurisdiction in *Jones v. Farley*, No. 4:12-CV-0671, 2012 WL 4506002 (N.D. Ohio Sept. 28, 2012). There the court said:

> It is well-settled, as between a state and the United States, that the governmental entity which first retains physical possession of a defendant may proceed in its sovereign capacity with a trial, sentencing and imprisonment before the second sovereign gains jurisdiction. *United States v. Warren*, 610 F.2d 680, 684-85 (9th Cir.1980); *United States v. Croft*, 450 F.2d 1094, 1099 (6th Cir.1971). This 'right of first possession' provides that the entity which first takes a defendant into custody never loses jurisdiction until the defendants satisfies his obligation to the entity.

*Id.* at *3. Therefore, federal authorities secured primary jurisdiction over Ware on November 14, 2013, and retains primary jurisdiction until Ware satisfies his obligation to the United States. *Id.* at *4.

Despite the holdings in *Croft* and *Jones*, the Government nevertheless asserts that Ware was in primary non-federal custody when the federal sentence was issued. (Opp'n 5.) While the government looks to the plain language of 18 U.S.C. § 3585 to claim that official detention means

-7-

"being actually, physically detained by federal authorities," the issue in this case is not whether Ware was physically *detained* by federal authorities. Rather, the issue is whether the federal government maintained *primary custody* of Ware when he was released on bond. *Croft* provides guidance on that controlling issue.

The Government's reliance on *Huffman v. Perez,* 230 F.3d 1358 (6th Cir. 2000), and *Rodriguez v. Fed. Bureau of Prisons,* No. 1:14-CV-1262, 2015 WL 2238592 (N.D. Ohio May 12, 2015) is unavailing. Citing *Huffman*, the Government argues that when the federal Government "borrowed" Ware for federal sentencing, the state authorities did not relinquish their custody of Ware, so federal time did not commence at the time of sentencing. (Opp'n 5.) This would be true if the state authorities, as in *Huffman*, actually had primary custody, but that was not the case here. At the time of the state arrest, Ware was out on federal bond. And as the Sixth Circuit indicated in *Croft*, when Ware was released on bond, "he was still considered as being in the custody of the federal Government; the bail did not divest the federal court of its inherent power to deal with the accused, since he was still constructively in the custody of the law." *Croft*, 450 F.2d 1094 at *3. Also in *Huffman*, unlike this case, the state court made no mention of whether the petitioner's sentences should run concurrently or consecutively. The state court in this case specifically stated that Ware's state sentence should run concurrently with the previously issued federal sentence, indicating the state court's intention not to extend the overall time Ware would serve. (Pet. 2.)

The Government also looks to *Rodriguez-Gonzalez v. Fed. Bureau of Prisons* for support of its position. 2015 WL 2238592. However, just as in *Huffman*, the defendant in *Rodriguez-Gonzalez*, was first arrested by state authorities before being indicted in federal court. That is not the case for Ware. He was first arrested by federal authorities. In fact, in *Rodriguez-Gonzalez,* the court said, "If a defendant is in primary federal custody at the time of his federal sentencing, the federal sentence will commence upon imposition." *Id.* at *3.

-8-

The Government also asserts that consecutive sentences are presumed in a court's silence. (Opp'n 5.) However, in *Coleman* the Sixth Circuit recognized the limited exception annunciated in *Croft* involving circumstances, as in this case, where the state court ordered its sentence to run concurrently with the previously imposed federal sentence. *Coleman v. United States*, 38 F.3d 1215 at *2 (6th Cir. 1994) (citing *Vaughn v. United States*, 548 F.2d 631, 633 (6th Cir.1977)).

## B. Credit for Time at Liberty

Lastly, Ware asserts that the failure of the U.S. Marshal Service to incarcerate him pursuant to the district court's judgment constitutes negligence. (Pet. 8.) He claims that such negligence not only entitles him to credit to his federal sentence, but also relinquishes authority for any further imprisonment. (*Id.*) He cites the legal doctrine of credit for time at liberty for this proposition. (*Id.*) The Sixth Circuit has found that "[t]he doctrine of credit for time at liberty entitles a convicted person to credit against his sentence for time erroneously spent at liberty, so long as the Government was guilty of simple or mere negligence and the delay in execution of the sentence was not the defendant's fault." *Contreras v. Shartle*, No. 1:09 CV 2610, 2011 WL 282437, at *1 (N.D. Ohio Jan. 25, 2011) (citing *Myles v. U.S.*, 1999 WL 644149 (6th Cir. August 16, 1999); *United States v. Martinez*, 837 F.2d 861, 865 (9th Cir.1988)). The facts of this case do not show that Ware spent time erroneously at liberty, so the concept does not apply in this case. (Pet. 2-3.) Ware is not entitled to immediate release.

## IV. CONCLUSION

For the foregoing reasons, the court hereby grants Ware's Petition for Writ of Habeas Corpus under 28 U.S.C. §2241, as to his request for credit for time served. (ECF No. 1.) The court orders that Petitioner Ware's federal sentence be corrected to reflect commencement on January 20,

2015, the date his federal sentence was issued.  However, the Petition is denied as to Petitioner's request for immediate release.

       IT IS SO ORDERED.

                                      */s/ SOLOMON OLIVER, JR.*
                                      UNITED STATES DISTRICT JUDGE

July 30, 2018